IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KENNETH JOHNSON and JACQUELYN JOHNSON, as Co-Administrators for and on Behalf of the Estate of Kendrick Lamar Johnson, A Minor, <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN BELL, ET AL. <br><br> Defendants. | <br><br><br><br><br><br><br><br> CIVIL ACTION <br> NO.: 7:20-cv-00004-HL |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS WESLEY "WES" TAYLOR AND LOWNDES COUNTY SCHOOL DISTRICT'S MOTION TO DISMISS BY WAY OF SPECIAL APPEARANCE**

COME NOW Defendants Wesley "Wes" Taylor ("Taylor") and Lowndes County School District (the "School District") (collectively "these defendants"), by way of special appearance and without waiving and specifically reserving all defenses available to them, and pursuant to Federal Rule of Civil Procedure 12(b) and 4(m) and Local Rule 7.1, file this memorandum of law in support of their motion to dismiss plaintiffs' complaint (Doc. 1), showing the Court as follows:

**I.      INTRODUCTION AND STATEMENT OF THE CASE**

On January 9, 2020, plaintiffs Kenneth Johnson and Jacquelyn Johnson, as co-administrators for and on behalf of the Estate of Kendrick Lamar Johnson ("plaintiffs"), filed the present lawsuit asserting an assortment of claims arising from the death of Kendrick Lamar Johnson seven years ago on or around January 10 or 11, 2013. (Doc. 1.) This is at least the seventh lawsuit filed by plaintiffs stemming from Kendrick Johnson's unfortunate death. Plaintiffs previously filed four lawsuits in the Superior Court of Lowndes County, Case Numbers

2013 CV 1230 ("1230 Action"), 2014 CV 997 ("997 Action"), 2014 CV 1592 ("1592 Action"), and 2015 CV 706 ("706 Action") (collectively the "Lowndes County Lawsuits"). Plaintiffs also at one point filed a lawsuit in this Court, Case Number 7:16-CV-00141 ("00141 District Court Lawsuit") and a lawsuit in the Superior Court of Bibb County, Case Number 2017-CV-067039 ("Bibb County Lawsuit").[1] All of these prior lawsuits have been disposed of in some fashion.

A.   **1230 Action**

In the 1230 Action, Kenneth and Jacquelyn Johnson named Sheriff Chris Prine and purportedly the Lowndes County School District (the "School District") as defendants asserting claims arising from the death of Kendrick Johnson. Plaintiffs voluntarily dismissed the 1230 Action on March 1, 2016. (See Voluntary Dismissals attached hereto as Exhibit A.)

B.   **997 Action and 1592 Action**

The Middle District of Georgia is well-familiar with the 997 Action and 1592 Action, which were previously removed to this Court from the Superior Court of Lowndes County based, in part, on Section 1983 claims plaintiffs asserted under the Fourteenth Amendment. See Johnson, et al. v. Lowndes County Board of Education, et al., Civil Action No. 7:14-cv-157-HL and Johnson, et al. v. Lowndes County Board of Education, et al., Civil Action No. 7:14-cv-158-HL. The 997 Action and 1592 Action were before the Honorable Judge Hugh Lawson, until he permitted that the cases be remanded after plaintiffs were allowed to amend their complaint and eliminate their federal claims, some of which they are now attempting to reassert in the instant lawsuit. (See Doc. 1, ¶ 75.)

---

[1] The Honorable Judge W. Louis Sands ultimately dismissed the 00141 District Court Lawsuit for lack of service on June 13, 2017. As for the Bibb County Lawsuit, where plaintiffs also named Taylor and the School District as defendants, among others, the Bibb County Court issued an order on February 26, 2018 transferring the case to the Superior Court of Lowndes County, but due to plaintiffs' failure to pay costs, the case was deemed dismissed.

Specifically, in the 997 Action, Kenneth and Jacquelyn Johnson, as personal representatives of Kendrick Lamar Johnson, and as administrators of the Estate of Kendrick Lamar Johnson, brought suit and originally asserted state and federal law claims against Taylor, among others, stemming from the death of Johnson.  After remand, plaintiffs voluntarily dismissed the 997 Action on November 2, 2015.  (Exhibit A.)   In the 1592 Action, Kenneth and Jacquelyn Johnson asserted state law claims against Taylor and others stemming from Johnson's death.  After remand, plaintiffs voluntarily dismissed the 1592 Action on November 2, 2015.  (Exhibit A.)

C.     **706 Action**

Kenneth and Jacquelyn Johnson filed the 706 Action on January 12, 2015 while the 997 and 1592 Actions were still pending.  In the 706 Action, plaintiffs named Taylor as a defendant among others and asserted claims stemming from the death of Johnson.  Plaintiffs voluntarily dismissed the 706 Action on March 1, 2016.  (Exhibit A.)   Prior to dismissing same, plaintiffs did not respond to Taylor's motion for summary judgment, and the unopposed motion was ripe for adjudication when plaintiffs voluntarily dismissed the case.

D.     **Award of Attorney's Fees and Costs in Lowndes County Lawsuits**

As the Lowndes County Lawsuits above were all voluntarily dismissed by plaintiffs, many defendants, including Taylor and the School District, moved the Superior Court of Lowndes County for an award of attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 9-15-14.  After protracted litigation over the amounts of fees and expenses to be awarded, the Superior Court entered an order granting Defendants' Motions for Attorneys' Fees and Expenses of Litigation on August 7, 2017. (See Order Granting Motions for Attorney's Fees attached hereto as Exhibit B.)  The Superior Court found plaintiffs' allegations, as well as some of the

actions of their counsel – the same attorney who filed this lawsuit and continues to represent them – to be lacking substantial justification pursuant to O.C.G.A. § 9-15-14(b) and awarded attorneys' fees and expenses against plaintiffs and their counsel in the total amount of $292,105.67, which remains unpaid.  (Exhibit B.)

E.     **Current Lawsuit**

In this newest lawsuit in the ongoing saga of meritless claims, plaintiffs have once again named the School District and Taylor as defendants among others.[2]  (Doc. 1, ¶¶ 7, 14.)  This action involves overlapping parties and is based on substantially the same allegations and claims as in the previously filed actions, to wit: state and federal claims stemming from plaintiffs' contention that Kendrick Johnson was assaulted and his death was covered-up in conjunction with some grand conspiracy in Lowndes County.

As it pertains to the School District and Taylor, the complaint does not make a single allegation of fact against them in the forty-five (45) paragraphs under the heading "Facts Common to All Claims."  (Id., ¶¶ 16-61.)  Nevertheless, plaintiffs assert in Count II that these defendants are somehow liable under Section 1983 by vaguely claiming that "personnel" at the School District, and Taylor, had prior knowledge of Brian and Brandon Bell's "attitude towards Kendrick Johnson," including bullying and warrantless aggression, and "effectively condoned and encouraged" an "attack upon Kendrick Johnson on or about January 10, 2013" and failed to protect Johnson from "loss of life" in violation of his "constitutional rights."  (Id., ¶ 70.)  Plaintiffs also assert in Counts III and VI that all defendants, including the School District and Taylor, are liable for a civil conspiracy under Section 1985 to hide or cover up information and evidence involving Brian and Brandon Bell, whom plaintiffs contend are the "primary

---

[2] Taylor is named in his individual capacity and in his official capacity as Superintendent of the School District.

perpetrators of the deadly assault upon Kendrick Johnson." (Id., ¶¶ 73-77, 83-84.) Finally, plaintiffs also assert state law claims against all defendants for wrongful death under O.C.G.A. § 51-4-5 (Count IV) and loss of personal property, including clothing and internal organs, under O.C.G.A. § 51-10-6 (Count V). Based on the foregoing claims, plaintiffs seek compensatory damages, punitive damages, attorney's fees and costs pursuant to Section 1988, and declaratory relief "regarding the cause and manner of Kendrick Johnson's death." (Id., p. 10, Prayer for Relief.)

While there are several pleading deficiencies in the complaint as it pertains to stating any cognizable claim against these defendants, there are insurmountable jurisdictional bars to this lawsuit, which are being raised herein and which warrant immediate dismissal of the complaint. As shown below, plaintiffs' claims are subject to dismissal based on plaintiffs' failure timely or properly serve these defendants with process. Secondly, even if service had been perfected, this action is still subject to dismissal because it is barred by the applicable statute of limitations. Finally, this Court lacks jurisdiction because the attorneys' fees and expenses of litigation awarded to these defendants in the Lowndes County Lawsuits are costs which have not been paid. For these reasons, as more fully set forth below, plaintiffs' complaint must be dismissed.

## II.     ARGUMENT AND CITATION OF AUTHORITY

### A.     This action is barred by plaintiffs' failure to properly and timely perfect service on these defendants.

Plaintiffs' complaint should be dismissed because plaintiffs failed to effect proper and timely service upon these defendants. Federal Rule of Civil Procedure 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served . . . . " Fed. R. Civ. P. 4(c)(1). In order to achieve effective service of process and survive a Rule 12(b) motion to dismiss, plaintiffs' service must meet the general requirements of Rule 4 of the Federal Rules of

Civil Procedure. Service of process upon an individual may be effected by (1) delivering a copy of the summons and complaint to the individual personally, (2) leaving a copy of each at the individual's dwelling with someone of suitable age and discretion who resides there, or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e); O.C.G.A. § 9-11-4(e)(7). When a defendant moves for dismissal for insufficiency of service of process, the plaintiff bears the burden of proving that the service of process was valid. Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla. 1993), aff'd, 36 F.3d 93 (11th Cir. 1994).

In this case, plaintiffs failed to serve these defendants in a manner permitted by law. Instead, plaintiffs attempted to serve these defendants by leaving a copy of the summons and complaint with Mr. Terri Welden. (See Declaration of Terri Welden attached hereto as Exhibit C.) However, Mr. Welden is not authorized to accept service of process on behalf of these defendants in this action. (Id.) Otherwise, there is no evidence that plaintiffs properly served either of these defendants. Because plaintiffs failed to serve these defendants in a manner permitted by law, plaintiffs' complaint is subject to dismissal for lack of personal jurisdiction and for insufficient service of process. See Williams v. Robbins, 153 Fed. App'x. 574, 576 (11th Cir. 2005); Nelson v. Barden, 145 Fed. App'x. 303, 311 (11th Cir. 2005).

Not only was the attempted service deficient, it was untimely. Rule 4(m) provides that "[i]If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Rule 4(m) provides for an extension of the period only if the plaintiff can establish good cause for his failure to serve in a timely manner. This Circuit, however, has found good cause "only when some outside factor,

such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007); see also Anderson v. Osh Kosh B'Gosh, 255 Fed. App'x. 345, 347 (11th Cir. 2006) (affirming sua sponte dismissal of pro se complaint for failure to serve).

Courts have consistently dismissed complaints for failure to effect service within the required service period. See Williams v. Robbins, 153 Fed. App'x. 574, 576 (11th Cir. 2005) (affirming sua sponte dismissal of claim for failure to serve within 120 days); Nelson v. Barden, 145 Fed. App'x. 303, 311 (11th Cir. 2005) (same); Abele v. Hernando County, 161 Fed. App'x 809, 812 (11th Cir. 2005) (dismissal of complaint for failure to timely serve summons and complaint was not an abuse of discretion where plaintiff had a total of **148 days** from date he filed original complaint to effect service); In re Air Crash Disaster Near Brunswick, Georgia April 4, 1991, 158 F.R.D. 693, 700 (N.D. Ga. 1994) (defendants were entitled to dismissal from action on grounds of failure to make timely service where plaintiffs did not attempt to serve defendants until **214 and 288 days** after filing of complaint); Cox v. Arizona League of Prof'l Baseball Clubs, Inc., 151 F.R.D. 436, 438 (M.D. Fla. 1993) (granting defendants' motion to dismiss where plaintiff had a total of **230 days** from date he filed original complaint to effect service and failed to do so). Other circuits have made this determination, as well. Johnson v. New York City Bd. Of Educ., 23 Fed. App'x 70, 72 (2d Cir. 2001) (finding that the district court correctly ruled that plaintiff did not make timely service under Rule 4(m) where no formal service was made until more than **four months** beyond the allowed 120-day period).

The same result should occur in this case. Plaintiffs' lack of diligence in prosecuting this case begins with the inexcusable delay in waiting just shy of three months after the complaint was filed on January 9, 2020 before requesting that summons issue for each defendant on March

30, 2020.  (Doc. 2-6.)  The 90-day time period to perfect service thereafter expired on April 8, 2020 without plaintiffs ever moving for an extension from the Court.  The Court then issued a Show-Cause Order on June 1, 2020 acknowledging that plaintiffs had not served defendants pursuant to Rule 4(m) and directing plaintiffs to show cause by June 8, 2020 why the case should not be dismissed for failure to effect timely service.  (Doc. 7.)

It was not until after the Court issued a Show-Cause Order on June 1, 2020 that plaintiffs made any effort to serve defendants.  (Doc. 7.)  But, plaintiffs' last-minute efforts were both deficient and untimely.  Plaintiffs' service attempt occurred 151 days after suit was filed and 61 days after the 90-day time period had expired.  Because the deficient service was untimely under Rule 4(m), plaintiffs' complaint warrants dismissal.  While plaintiffs timely responded to the Show-Cause Order as directed, plaintiffs failed to show any cause whatsoever why the case should not be dismissed as to these defendants, Taylor and the School District.  (Doc. 8.)  Plaintiffs only offered an explanation as to why they did not effectuate service on Branden Bell, Brian Bell, and Richard Bell, but Taylor and the School District are not mentioned anywhere in the response.  (Id.)  At most, plaintiffs cite COVID-19 and plaintiffs' counsel as being "high risk" as a blanket excuse for not being able to timely effectuate service; however, plaintiffs glaringly fail to explain how COVID-19 prevented service on either Taylor or the School District under the Federal Rules, which do not require plaintiffs' counsel to perform service himself.  (Id.)  In fact, plaintiffs' reliance on COVID-19 as an excuse is unpersuasive considering that service attempts were made, albeit improperly and untimely, while Georgia is still in the midst of the COVID-19 pandemic, with cases still rising.

In sum, because the purported service on these defendants was both deficient and untimely under Rule 4(m), plaintiffs' complaint should be dismissed.

**B.      This action is barred by the applicable statute of limitations.**

Even if plaintiff had properly and timely effected service on these defendants, plaintiffs' complaint is still subject to dismissal because plaintiffs' claims are barred by the applicable statute of limitations. Plaintiffs assert claims under Sections 1983 and 1985. (Counts II, III and VI.) Plaintiffs also assert state law claims for wrongful death under O.C.G.A. § 51-4-5 (Count IV) and loss of personal property under O.C.G.A. § 51-10-6 (Count V). Because Sections 1983 and 1985 do not expressly contain statute of limitations periods, courts must look to the law of the state in which the cause of action arose—specifically, the limitation period applicable to personal injury torts of that state. Wallace v. Kato, 549 U.S. 384, 387 (2007); Shepherd v. Wilson, 663 F. App'x 813, 817 (11th Cir. 2016). The Eleventh Circuit has held that "the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries." Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).

Likewise, the applicable statute of limitations for wrongful death claims, O.C.G.A. § 9-3-33, provides "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues. . . ." Finally, O.C.G.A. § 9-3-32 provides that "[a]ctions for the recovery of personal property, or for damages for the conversion or destruction of the same, shall be brought within four years after the right of action accrues…." See also O.C.G.A. § 9-3-31 ("Actions for injuries to personalty shall be brought within four years after the right of action accrues.").

Here, this lawsuit was filed on January 9, 2020 and asserts claims stemming from the death of Kendrick Johnson over seven years ago on or around January 10 or 11, 2013 and the handling of his remains in 2013. (Doc. 1.) Indeed, the only year referenced in plaintiffs'

- 9 -

complaint is 2013.  (Id.)  Because this lawsuit was filed well after the two and four-year statute of limitations applicable, plaintiffs' complaint is time-barred.

C. **This Court lacks jurisdiction because plaintiffs have not paid costs awarded in the superior court of Lowndes County.**

O.C.G.A. § 9-11-41(d) provides that "[i]f a plaintiff who has dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the plaintiff shall first pay the court costs of the action previously dismissed."  Muhammad v. Massage Envy of Ga., Inc., 322 Ga. App. 380, 382, 745 S.E.2d 650, 652 (2013).  "Attorney's fees and expenses of litigation awarded under [O.C.G.A. § 9-15-14] in a prior action between the same parties shall be treated as court costs with regard to the filing of any subsequent action."  O.C.G.A. § 9-15-14(g).  Payment of costs is a jurisdictional matter and can never be waived.  Tucker v. Mitchell, 314 S.E.2d 896, 897, 252 Ga. 545 (1984). "[I]n the absence of payment of costs there is no suit pending."  Id.

Section 1983 claims are federal creatures but borrow the forum state's statute of limitations and laws on tolling and renewal.  See, e.g., Hardin v. Straub, 490 U.S. 536, 538 (1989); Scott v. Muscogee Cty., 949 F.2d 1122, 1123 (11th Cir. 1992). "It is well settled that federal courts are bound by the interpretation of a state statute by state courts."  Silverstein v. Gwinnett Hosp. Auth., 861 F.2d 1560, 1569 (11th Cir. 1988). In applying state law, a federal court must "adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise."  Silverberg v. Paine, Webber, Jackson & Curtis, Inc., 710 F.2d 678, 690 (11th Cir. 1983).

Here, the instant lawsuit involves overlapping parties and claims as the Lowndes County Lawsuits, which plaintiffs voluntarily dismissed.  (Exhibit A.)  The Superior Court of Lowndes County entered an award of fees and expenses against plaintiffs and their counsel on August 8,

2017 in the amount of $292,105.67 in the Lowndes County Lawsuits prior to plaintiffs' filing of the present suit.  (Exhibit B.)  To this date, these fees, which are treated as court costs by operation of law, have not been paid.  Therefore, because plaintiffs have refiled suit without first paying costs, this Court lacks jurisdiction unless and until these costs have been paid.

### D.     Punitive damages and attorney's fees claims are subject to dismissal.

Plaintiffs have requested an award of punitive damages and attorney's fees.  Should the underlying claims against these defendants be dismissed, plaintiffs' claims for punitive damages and attorney's fees with respect to these claims would also be subject to dismissal as well.  See J. Andrew Lunsford Properties, LLC v. Davis, 257 Ga. App. 720, 722, 572 S.E.2d 682, 685 (2002) ("[T]he claims seeking attorney fees and punitive damages were properly dismissed as derivative of the other dismissed claims."); OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1357 (11th Cir. 2008) (finding that plaintiffs' claims for punitive damages and attorney's fees cannot survive without an underlying claim against defendants).

### III.     CONCLUSION

Plaintiffs' claims are subject to dismissal based on plaintiffs' failure timely or properly serve these defendants with process.  Secondly, even if service had been perfected, this action is still subject to dismissal because it is barred by the applicable statute of limitations.  Finally, this Court lacks jurisdiction because the attorneys' fees and expenses of litigation awarded to these defendants in the Lowndes County Lawsuits are costs which have not been paid.  For the foregoing reasons, these defendants' motion to dismiss should be granted.

*[signatures on next page]*

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

*/s/ L. Warren Turner, Jr.*
L. Warren Turner, Jr.
Georgia Bar No. 719491
warren@lwturnerlaw.com

P.O. Box 157
Valdosta, GA 31603
(229) 247-5005 (telephone)
(229) 247-6657 (facsimile)

*Attorneys for Defendants Wesley "Wes" Taylor and Lowndes County School District*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS WESLEY "WES" TAYLOR AND LOWNDES COUNTY SCHOOL DISTRICT'S MOTION TO DISMISS BY WAY OF SPECIAL APPEARANCE** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification to the following:

| | |
|---|---|
| Chevene B. King, Jr.<br>The C.B. King Law Firm<br>PO Drawer 3468<br>Albany, Georgia 31706 | James L. Elliott<br>Elliott, Blackburn & Gooding, PC<br>3016 North Patterson Street<br>Valdosta, Georgia 31602 |
| Patrick O' Conner<br>Paul Threlkeld<br>Oliver Manner, LLP<br>P.O. Box 10186<br>Savannah, Georgia 31412 | Timothy M. Tanner<br>Coleman Talley LLP<br>910 N. Patterson Street<br>Valdosta, Georgia 31602<br><br>John Gee Edwards<br>Attorney at Law<br>108 East Valley Street<br>Valdosta, Georgia 31601 |

This 25th day of June, 2020.

*/s/ Wayne S. Melnick*
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)