# Exhibit B

IN THE SUPERIOR COURT OF LOWNDES COUNTY
STATE OF GEORGIA

LOWNDES COUNTY, GEORGIA
FILED IN OFFICE

2017 AUG -8 PM 2: 47

*Beth C. Greene*
CLERK OF SUPERIOR STATE
JUVENILE COURTS

| | | |
|---|---|---|
| KENNETH JOHNSON and | ) | |
| JACQUELYN JOHNSON | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. 2013CV1230 |
| CHRIS PRINE, as Sheriff of Lowndes | ) | |
| County | ) | |
| | ) | |
| | ) | |
|     Defendant. | ) | |

IN THE SUPERIOR COURT OF LOWNDES COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| KENNETH JOHNSON and | ) | |
| JACQUELYN JOHNSON, | ) | |
| | ) | |
|     Plaintiffs, | ) | CIVIL ACTION |
| | ) | NO. 2015-CV-706 |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDON BELL; ET AL. | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

IN THE SUPERIOR COURT OF LOWNDES COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| KENNETH JOHNSON and | ) | |
| JACQUELYN JOHNSON, as Personal | ) | |
| Representatives of KENDRICK | ) | |
| LAMAR JOHNSON, and JACQUELYN | ) | |
| JOHNSON, as Administrator for and on | ) | |
| Behalf of the Estate of KENDRICK | ) | |
| LAMAR JOHNSON, | ) | |
| | ) | |
|     Plaintiffs, | ) | |

EXHIBIT B

|                                               |     |                                                |
|-----------------------------------------------|-----|------------------------------------------------|
| v.                                            | )   | **CIVIL ACTION**                               |
|                                               | )   | **FILE NO.:  2014-CV-997**                     |
| **THE LOWNDES COUNTY BOARD OF**               | )   |                                                |
| **EDUCATION; ET AL.**                         | )   |                                                |
|                                               | )   |                                                |
| Defendants.                                   | )   |                                                |

---

## IN THE SUPERIOR COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

|                                               |     |                                                |
|-----------------------------------------------|-----|------------------------------------------------|
| **KENNETH JOHNSON and**                       | )   |                                                |
| **JACQUELYN JOHNSON,**                        | )   |                                                |
|                                               | )   |                                                |
| Plaintiffs,                                   | )   |                                                |
|                                               | )   |                                                |
| v.                                            | )   | **CIVIL ACTION**                               |
|                                               | )   | **FILE NO.:  2014-CV-1592**                    |
| **THE LOWNDES COUNTY BOARD OF**               | )   |                                                |
| **EDUCATION; ET AL.**                         | )   |                                                |
|                                               | )   |                                                |
| Defendants.                                   | )   |                                                |

---

## ORDER GRANTING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES AND EXPENSES OF LITIGATION

Before the Court are the Motions for Attorneys' Fees and Expenses of Litigation made pursuant to OCGA § 9-15-14 of Defendants Chris Prine (Prine) and the eighteen "LCSO Defendants", the Lowndes County Board of Education Defendants, the Bell Defendants, the City of Valdosta Defendants and Defendant Steve Owens pending in the above-captioned cases.  All of these Defendants seek an award of attorneys' fees and expenses of litigation against Plaintiffs

In the Superior Court of Lowndes County Georgia
Civil Action File No. 2013CV1230
Civil Action File No. 2014CV997
Civil Action File No. 2014CV1592
Civil Action File No. 2015CV706

Page 2 of 14

Kenneth Johnson and Jacquelyn Johnson ("Plaintiffs") and their counsel of record, Chevene B. King, Jr. ("King"). After multiple days of hearings on the Motions and after consideration of the Motions, Plaintiffs' and their counsel's responses, the record in these cases and all other matters properly before the Court, the Court makes the following findings of fact and conclusions of law:

FINDINGS OF FACT

1. On January 11, 2013, the body of Kendrick Johnson was discovered upside down inside one of several vertical rolled up gym mats inside the "old gym" at Lowndes High School in Valdosta, Georgia. An investigation into the death of Kendrick Johnson was conducted by the Lowndes County Sheriff's Office (LCSO) with the assistance of other law enforcement agencies.

2. The Division of Forensic Sciences of the Georgia Bureau of Investigation (GBI) did an autopsy on the body of Kendrick Johnson. The cause of Kendrick Johnson's death was determined by the GBI Medical Examiner to be positional asphyxia and the manner of death was determined to be accident.

3. Accusations were made by King and Plaintiffs that Brian Bell and Branden Bell killed Kendrick Johnson. The LCSO investigation found no credible evidence to support those accusations. On the contrary, the LCSO investigation determined that Branden Bell and Brian Bell could not have been responsible for Kendrick Johnson's death for the reason that Branden Bell was off campus on a wrestling trip and Brian Bell was across campus in class at the time of death.

In the Superior Court of Lowndes County Georgia
Civil Action File No. 2013CV1230
Civil Action File No. 2014CV997
Civil Action File No. 2014CV1592
Civil Action File No. 2015CV706

Page 3 of 14

4. Civil Action No. 2013CV1230 as captioned above (hereafter "1230") was initially filed in June 2013 by Plaintiffs against Prine to resolve matters in dispute between the parties under the Georgia Open Records Act. Those matters were resolved by Order of the Court dated October 30, 2013, with which Prine fully and timely complied. See Prine's Motion to Dismiss 1230 filed January 13, 2014 to which Plaintiffs never responded. [1]

5. In 2014, Plaintiffs filed Civil Action No. 2014CV997 (hereafter 997) and Civil Action No. 2014CV1592 (hereafter 1592). Both of those cases were dismissed on November 2, 2015.

6. On January 9, 2015, Plaintiffs filed an Amended Complaint in 1230 claiming Branden Bell and Brian Bell (hereafter "the Bells") killed Kendrick Johnson ("Johnson") and that Prine, and others conspired to conceal the cause and manner of death. [2]

7. Civil Action No. 2015CV706 [3] as captioned above (hereafter "706") was filed January 12, 2015 in DeKalb Superior Court with no basis for venue in DeKalb County. That complaint named thirty-eight (38) defendants including the Bell Defendants, the Lowndes County School Board Defendants, the City of Valdosta Defendants, eighteen (18) LCSO Deputies and Steve Owens as well as others. In that suit, Plaintiffs and King

---

[1] Recovery of compensatory and punitive damages are not permitted under the Open Records Act and there remained no issues to be adjudicated under the Open Records Act. Wallace v. Greene County, 274 Ga. App. 776 (2005).

[2] The 1230 Complaint was amended on at least two (2) more occasions. Each amendment depended on Plaintiffs' claims that the Bells killed Johnson and that Prine and his deputies conspired with others to conceal the cause and manner of death.

[3] Civil Action No. 2015CV706 was originally filed in DeKalb Superior Court and was given Civil Action No. 15CV1313-6. It became Civil Action No. 2015CV706 when transferred to Lowndes Superior Court.

In the Superior Court of Lowndes County Georgia
Civil Action File No. 2013CV1230
Civil Action File No. 2014CV997
Civil Action File No. 2014CV1592
Civil Action File No. 2015CV706

Page 4 of 14

also claimed that the Bells killed Johnson and that the Movants and others conspired to conceal the cause and manner of death. [4]

8.  At the outset of the litigation, Defendants put King and Plaintiffs on notice that the claims in these cases would subject them to award of attorneys' fees per OCGA § 9-15-14.

9.  On or after February 17, 2015 the LCSO Defendants and others filed a Motion to Transfer Venue in 706 to Lowndes Superior Court, to which King and Plaintiffs never responded. [5]

10. On August 10, 2015, pursuant to an Order from this Court requiring a more definite statement of Plaintiffs' claims in 706, Plaintiffs and King amended the complaint and at ¶¶ 50 – 51 falsely claimed that Prine, Superintendent Taylor and FBI Agent Rick Bell "gain[ed] access to the old gymnasium at Lowndes High School and plac[ed] the body of plaintiffs' decedent upside down inside a rolled up gym mat and plac[ed] same in a corner of the aforesaid gymnasium with the idea that the body of plaintiffs' decedent would be discovered following the beginning of classes on January 11, 2013." Both Plaintiffs admitted on deposition that these claims were fabricated, that they had no evidence to support the claims and that they nonetheless authorized their lawyer, King, to proceed with the filing of the Amended Complaint.

---

[4]
 The 706 Complaint (after transfer from DeKalb to Lowndes) was amended on at least six (6) more occasions. Each amendment depended on Plaintiffs' claims that the Bells killed Johnson and that Prine and his deputies conspired with others to conceal the cause and manner of death.
[5] The Order transferring 706 from DeKalb to Lowndes found no basis for venue in DeKalb on the face of the record. Following the transfer Order, the LCSO Defendants filed a Motion for Attorneys' Fees to which King and Plaintiffs never responded.

In the Superior Court of Lowndes County Georgia
Civil Action File No. 2013CV1230
Civil Action File No. 2014CV997
Civil Action File No. 2014CV1592
Civil Action File No. 2015CV706

Page 5 of 14

11. Plaintiffs gave their deposition testimony in October 2015. Their testimony shows that they had no evidence to support their claims that the Bells killed Johnson or that any of the other defendants engaged in a conspiracy to conceal the cause or manner of Johnson's death.

12. The record reveals that most if not all of the thirty-nine (39) defendants in the 1230 and 706 cases had to file Motions for Sanctions and/or Motions to Compel for Plaintiffs' failure to respond to defendants' written discovery requests. The record also reveals that at least ten (10) separate complaints and amended complaints were filed in these two cases and that each of those complaints depended on Plaintiffs' claims that the Bells killed Johnson and that Prine and his deputies conspired with others to conceal the cause and manner of death.

13. The Court entered a scheduling order pursuant to which discovery was initially set to close on November 15, 2015. Dispositive motions were initially due on December 15, 2015. Discovery was extended through December 15, 2015 and the dispositive motion deadline was extended to January 15, 2016.

14. All Defendants in the 1230 and 706 cases filed Motions for Summary Judgment. The motions were supported by affidavits of many of the defendants and others and further demonstrated that Plaintiffs had admitted on deposition that they had no evidence to support their claims. The Defendants also affirmatively established that there is no evidence that the Bells killed Johnson or that any of the defendants conspired to conceal the cause and manner of Johnson's death.

In the Superior Court of Lowndes County Georgia
Civil Action File No. 2013CV1230
Civil Action File No. 2014CV997
Civil Action File No. 2014CV1592
Civil Action File No. 2015CV706

Page 6 of 14

15. In February 2016, King filed Plaintiffs' response to some of Defendants' Motions for Summary Judgment but did not make a timely request for Oral Hearing under Uniform Superior Court Rule 6.3.[6] King and Plaintiffs came forward with no evidence to rebut Defendants' sworn proof on summary judgment. Plaintiffs brought forth no evidence that the Bells killed Johnson. Plaintiffs brought forth no evidence of a conspiracy to conceal the cause or manner of Johnson's death. Plaintiffs cited no record evidence or law to support their claims. King's and Plaintiffs' only response on summary judgment was to reiterate "claims" without any evidentiary or factual basis.

16. On March 1, 2016 when summary judgment motions of all defendants in these cases were ripe for ruling, King filed Plaintiffs' voluntary dismissals of 1230 and 706. The 997 and 1592 cases had been previously dismissed.

17. In March 2016 Defendants filed their Motion for Attorneys' Fees and Expenses of Litigation. In April 2016 King and Plaintiffs responded to the motions. Plaintiffs came forward with no evidence to rebut the evidence of record that the Bells did not kill Johnson and that the Defendants did not conspire to conceal the cause or manner of Johnson's death. As with their response on summary judgment, Plaintiffs made arguments unsupported by evidence.

18. Plaintiffs and King have brought forth no evidence that the Bells killed Johnson or that any of the Defendants conspired to conceal the cause or manner of Johnson's death.

---

[6] Plaintiffs did not respond at all to the City of Valdosta Defendants' Motion for Summary Judgment or the Lowndes County School Board's Motion for Summary Judgment.

In the Superior Court of Lowndes County Georgia
Civil Action File No. 2013CV1230
Civil Action File No. 2014CV997
Civil Action File No. 2014CV1592
Civil Action File No. 2015CV706

Page 7 of 14

19. At the first hearing on the aforesaid Motions for Attorneys' Fees and Expenses, upon inquiry from the Court as to the amounts of Fees and Expenses being sought, the respective attorneys seeking same stated the amount of their fees and costs and Court made note that around $850,000 was the collective amount being requested. After spending considerable time on the various charges with very little time on the findings necessary to determine if the fees and expenses should be awarded, the Court recessed the hearings to look at whether the Court should bifurcate and first determine whether the Motions should be granted, and if so hearings after that ruling would commence on the presentation of the bills and amounts. If the motions were not to be granted, it would not be necessary to present evidence of the bills and be cross-examined thereon. The attorneys briefed the Court of the question of bifurcation of the issues.

20. The Court bifurcated and held a hearing on the limited issues of whether an award of reasonable and necessary attorneys' fees and expenses of litigation would be made under OCGA 9-15-14 a or b.   After the hearings on the aforesaid limited  issue, the Court received briefs and proposed orders on this issue.  The Court later informed counsel for the parties that the Court had determined Motions should be granted and that  it would award fees and expenses to Defendants under OCGA § 9-15-14(b) in that the above captioned cases lacked substantial justification, meaning that the cases were substantially frivolous, substantially groundless, or substantially vexatious. The Court further limited the amounts to be awarded to start on October 28, 2015 (said date being more than 2 years and 8 months following the death of Kendrick Johnson) , which is the next day following the depositions of the Plaintiffs wherein the Plaintiffs in effect admitted that at

In the Superior Court of Lowndes County Georgia
Civil Action File No. 2013CV1230
Civil Action File No. 2014CV997
Civil Action File No. 2014CV1592
Civil Action File No. 2015CV706

Page 8 of 14

that time they had no evidence to support their claims. At about the same time, the Court advised the Attorneys seeking such fees and expenses that the Court would be looking at double teaming (billing) by any attorneys for the respective defendants charging for the same work and excessive time spent by paralegals in assisting the attorneys. The attorneys made significant reductions in the amounts requested. By this ruling and the voluntary reduction, attorneys fees and expenses being sought from around $850,000 to approximately $378,000.

21. Following that determination by the Court, hearings on the amounts of fees and expenses were resumed with all counsel requesting fees and expenses presenting their testimony and documentary evidence and were extensively cross examined by Plaintiffs Attorney, Chevene B. King, Jr. At various times during the cross examination the Court would announce that portions of the respective bill would not be considered.

22. Plaintiffs hired an attorney from San Francisco area, John O'Conner, who had been qualified as an expert on attorneys fees in several jurisdictions to testify concerning the amounts being claimed by the attorneys. Mr. O'Conner stated that he did not question the rates being charged or the quality of the attorneys work. He did question duplications on the billings within the firms and suggested that all the attorneys for the various defendants were spending time on the same issues, and that there should have been closer coordination with work spread among the attorneys for all parties. There were approximately 38 Defendants sued by the Plaintiffs with different claims being asserted against the various Defendants and it would have been difficult if not impossible for only one attorney to respond for all Defendants throughout the case.

In the Superior Court of Lowndes County Georgia
Civil Action File No. 2013CV1230
Civil Action File No. 2014CV997
Civil Action File No. 2014CV1592
Civil Action File No. 2015CV706

Page 9 of 14

23. Mr. O'Conner stated that his usual fees were at $475 per hour normally and that for insurance companies it was $275 per hour. Based on his review and that done by other members of his firm, for which he had been paid $10,000, he gave the opinion that the bills for the attorneys for the Bell defendants and Lowndes County Board of Education should be reduced by 60% . Further he opined that the bills of Valdosta Defendants, Lowndes County Sheriff's Office Defendants should be reduced by 40%.

24. As the Court said earlier in this order, these bills which were introduced by the respective attorneys who were fully and thoroughly cross-examined by Mr. King and in many instances line item by line item. The Court finds that the reductions suggested by Mr. Conner did not take into consideration the status of this case including all the events and occurrences surrounding these cases and the number of Defendants the lawyers were representing.  While the Court agrees that there was some duplication within the respective firms representing the various defendants, the reduction he suggests were without basis and foundation.

25. The Court has examined the various bills in detail and also heard the direct and cross examinations on the bills.  There are certain items found to be unnecessary, such as reports to insurance carriers and talking to the media.

<u>CONCLUSIONS OF LAW</u>

26. OCGA § 9-15-14(b) provides that: "The *court may assess* reasonable and necessary *attorney's fees and expenses* of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, *it finds that an attorney or party brought or defended an action*, or any part thereof, that *lacked substantial justification* or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party

In the Superior Court of Lowndes County Georgia
Civil Action File No. 2013CV1230
Civil Action File No. 2014CV997
Civil Action File No. 2014CV1592
Civil Action File No. 2015CV706

Page 10 of 14

unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act." As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious." (emphasis supplied).    The damages authorized under OCGA 9-15-14 are intended to punish or deter litigation abuses but also to recompense litigants who are forced to expend their resources in contending with abusive litigation.  Moon V. Moon, 277 Ga. 375,379 (2003).

26.    The Court incorporates herein its earlier determination that attorneys' fees and expenses of litigation shall be awarded in favor of each of the Movants in these cases and against King and Plaintiffs.  The Court also concludes that these actions claiming that the Bells killed Johnson and that the Defendants conspired to conceal the cause and manner of Johnson's death lacked substantial justification for the reason that such actions were substantially frivolous, substantially groundless, or substantially vexatious.  OCGA § 9-15-14(b).    Further, the Court specifically concludes that Plaintiffs claiming that the Bells killed Johnson and that these Defendants conspired to conceal the cause and manner of death lacked substantial justification for the reason that such actions were substantially groundless as they admitted in their depositions.    Some actions taken by Mr. King appear to have been taken for the purpose of delaying the Court from rulings which were forthcoming, including the dismissal prior to the Court's ruling on the Summary Judgment motions and the Motions filed during and following the close of evidence in the hearings on the attorney fee motions under OCGA 9-15-14.

27.    Movants are therefore entitled to an award of reasonable and necessary attorney's fees and expenses of litigation against Kenneth Johnson and Jacquelyn Johnson, and Chevene B.

In the Superior Court of Lowndes County Georgia
Civil Action File No. 2013CV1230
Civil Action File No. 2014CV997
Civil Action File No. 2014CV1592
Civil Action File No. 2015CV706

Page 11 of 14

King, Jr., their attorney.  OCGA § 9-15-14(b).  Following multiple hearings between 2016 and April 2017, and after consideration of all of the evidence and argument presented by Plaintiffs and Defendants, Movants are awarded reasonable and necessary attorney's fees and expenses of litigation against Kenneth Johnson and Jacquelyn Johnson, and Chevene B. King, Jr., their attorney, in the following amounts:

1.  The Bell Defendants (case 706) are awarded reasonable and necessary fees as follows:

a.  Ladson Law Firm, P.C. fees of $36,850.00 and expenses of $__0__ as supported by the time records and testimony of counsel for these defendants.

b.  Oliver Maner, LLP fees of $54,117.93 and expenses of $6,387.05 as supported by the time records and testimony of counsel for these defendants.

2.  Prine and the LCSO Defendants (cases 1230 and 706) are awarded reasonable and necessary fees of $68,148.20 and expenses of $4,964.32 as supported by the time records and testimony of counsel for these defendants.

3.  The Lowndes County School Board Defendants (cases 997, 1592 and 706) are awarded reasonable and necessary fees as follows:

a.  Freeman Mathis & Gary, LLP on behalf of the Lowndes County School Board Defendants (cases 997, 1592 and 706) are awarded reasonable and necessary fees of $35,360.38 and expenses of $948.99 as supported by the time records and testimony of counsel for these defendants.

b.  L. Warren Turner, Jr., P.C. on behalf of the Lowndes County School Board Defendants (cases 997, 1592 and 706) are awarded reasonable and necessary fees

In the Superior Court of Lowndes County Georgia
Civil Action File No. 2013CV1230
Civil Action File No. 2014CV997
Civil Action File No. 2014CV1592
Civil Action File No. 2015CV706

Page 12 of 14

of $22,191.00 and expenses of $–0– as supported by the time records and testimony of counsel for these defendants.

4.   The City of Valdosta Defendants (case 706) are awarded reasonable and necessary fees of $26,200.00 and expenses of $2,197.80 as supported by the time records and testimony of counsel for these defendants.

5.   Defendant Steve Owens (case 706) is awarded reasonable and necessary fees of $33,440.00 and expenses of $1,300.00 as supported by the time records and testimony of counsel for this defendant.

The Clerk of Court is directed to serve all counsel on the distribution list below and to execute and file a certificate indicating such service. .

SO ORDERED this 7th day of August, 2017.

_____

J. Richard Porter, III
Senior Judge, Superior Courts of Georgia

### DISTRIBUTION LIST

Chevene B. King, Jr.
The C.B. King Law Firm
Post Office Drawer 3468
Albany, GA 31706

Brice Ladson
Ladson Law Firm, PC
P.O. Box 2819
Richmond Hill, GA 31324

Patrick O'Conner
Paul Threlkeld
Oliver Maner, LLP
P.O. Box 10186
Savannah, GA 31412

George T. Talley
Timothy M. Tanner
Coleman Talley LLP
P.O. Box 5437
Valdosta, GA 31603-5437

L. Warren Turner, Jr.
P.O. Box 157
Valdosta, GA 31603-0157

Wayne S. Melnick
Freeman, Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339

In the Superior Court of Lowndes County Georgia
Civil Action File No. 2013CV1230
Civil Action File No. 2014CV997
Civil Action File No. 2014CV1592
Civil Action File No. 2015CV706

Page 13 of 14

Kirsten Daughdril
Ronald S. Boyter, Jr.
Office of the Attorney General
40 Capital Square SW
Atlanta, GA 30334

John Gee Edwards
Attorney At Law
108 East Valley Street
Valdosta, Georgia 31601

Mark Glidewell
Brennan Searcy & Smith
P.O. Box 8002
Savannah, GA 31412

Byron D. Watson
Byron D. Watson, P.C.
101 East Central Avenue
Post Office Box 40
Valdosta, Georgia 31603

**This order was prepared by the Court using portions of a proposed order submitted to the Court by Attorney James Elliott on behalf of all attorneys involved in the aforesaid Motions. The Court also modified and made additions thereto in entering this order.**