# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| KENNETH JOHNSON and JACQUELYN JOHNSON, as Co-Administrators for and on Behalf of the Estate of Kendrick Lamar Johnson, A Minor, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CIVIL ACTION ) NO.: 7:20-cv-00004-HL |
| BRIAN BELL, ET AL. | ) ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CHRIS PRINE, STRYDE JONES AND LOWNDES COUNTY'S MOTION TO DISMISS BY WAY OF SPECIAL APPEARANCE**

COME NOW Defendants Chris Prine (Prine), Stryde Jones (Jones) and Lowndes County (the County) (collectively "these defendants"), by way of special appearance and without waiving and specifically reserving all defenses available to them, and pursuant to Federal Rules of Civil Procedure 12(b) and 4(m) and Local Rule 7.1, file this Memorandum of Law in Support of Motion to Dismiss plaintiffs' complaint (Doc. 1), showing the Court as follows:

## I.  INTRODUCTION AND STATEMENT OF THE CASE

These defendants adopt and incorporate by reference herein the Introduction and Statement of the Case (Doc. 9-1) of Defendants Wesley Taylor (Taylor) and Lowndes County School District (School District) including subsections A. through E. thereunder.

## II.     ARGUMENT AND CITATION OF AUTHORITY

**A.     This action is barred by plaintiffs' failure to properly and timely perfect service on these defendants.**

Plaintiffs' complaint should be dismissed because plaintiffs failed to effect proper and timely service upon these defendants.  Federal Rule of Civil Procedure 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served . . . . "Fed. R. Civ. P. 4(c)(1).  In order to achieve effective service of process and survive a Rule 12(b) motion to dismiss, plaintiffs' service must meet the general requirements of Rule 4 of the Federal Rules of Civil Procedure.  Service of process upon an individual may be effected by (1) delivering a copy of the summons and complaint to the individual personally, (2) leaving a copy of each at the individual's dwelling with someone of suitable age and discretion who resides there, or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. 4(e); O.C.G.A. § 9-11-4(e)(7). [1]  When a defendant moves for dismissal for insufficiency of service of process, the plaintiff bears the burden of proving that the service of process was valid.  Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla. 1993), aff'd, 36 F.3d 93 (11th Cir. 1994).

In this case, plaintiffs failed to serve these defendants in a manner permitted by law. There is no evidence of record of any service on Prine, Jones or the County.  Because plaintiffs failed to serve these defendants in a manner permitted by law, plaintiffs' complaint is subject to dismissal for lack of personal jurisdiction and for insufficient service of process.  See Williams

---

[1] Service upon Lowndes County must be made by serving the chairman of its board of commissioners.  OCGA § 9-11-4(e)(5).

- 2 -

v. Robbins, 153 Fed. App'x. 574, 576 (11th Cir. 2005); Nelson v. Barden, 145 Fed. App'x. 303, 311 (11th Cir. 2005).

These defendants adopt and incorporate by reference the arguments and authorities cited by Taylor and the School District (Doc. 9-1) regarding untimeliness of service and the absence of good cause required by FRCP 4(m). Because there has been no timely service on these defendants under Rule 4(m), plaintiffs' complaint should be dismissed.

**B.   This action is barred by the applicable statute of limitations.**

These defendants adopt and incorporate by reference the arguments and authorities cited by Taylor and the School District (Doc. 9-1) regarding the statute of limitations. Because the filing of this suit is untimely, the complaint should be dismissed.

**C.   This Court lacks jurisdiction because plaintiffs have not paid costs awarded in the superior court of Lowndes County.**

These defendants adopt and incorporate by reference the arguments and authorities cited by Taylor and the School District (Doc. 9-1) regarding payment of costs. Because plaintiffs have refiled suit without first paying costs, this Court lacks jurisdiction unless and until these costs have been paid.

**D.   Punitive damages and attorney's fees claims are subject to dismissal.**

These defendants adopt and incorporate by reference the arguments and authorities cited by Taylor and the School District (Doc. 9-1) regarding punitive damages and attorney's fees. Those claims are subject to dismissal.

### III.   CONCLUSION

Plaintiffs' claims are subject to dismissal based on plaintiffs' failure to timely or properly serve these defendants with process. Secondly, even if service had been perfected, this action is

still subject to dismissal because it is barred by the applicable statute of limitations. Finally, this Court lacks jurisdiction because the attorneys' fees and expenses of litigation awarded to these defendants in the Lowndes County Lawsuits are costs which have not been paid. For the foregoing reasons, these defendants' motion to dismiss should be granted.

This 29th day of June, 2020.

/s/James L. Elliott
State Bar No. 244244
Attorney for Chris Prine, Stryde Jones and
Lowndes County, Georgia

Elliott, Blackburn & Gooding, PC
Attorneys at Law
3016 North Patterson Street
Valdosta, GA  31602
Phone:  229-242-3333
Fax:  229-242-0696
jelliott@ebbglaw.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing upon all parties to this action by filing the same with the Court's CM/ECF system and/or mailing the same as follows:

CHEVENE B. KING, JR.
POST OFFICE DRAWER 3468
ALBANY, GA 31706

LOYCE WARREN TURNER, JR.          WAYNE S MELNICK
PO BOX157                          ARASH ALI SABZEVARI
VALDOSTA, GA 31603                 100 GALLERIA PKWY STE 1600
                                   ATLANTA, GA 30339-5948

This 29th day of June, 2020.

/s/ James L. Elliott
James L. Elliott
GA Bar No. 244244

- 4 -