**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| KENNETH JOHNSON and JACQUELYN JOHNSON, as Co-Administrators for and on Behalf of the Estate of deceased KENDRICK LAMAR JOHNSON, a minor | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ Act. No.: 7:20-cv-00004-HL |
| BRIAN BELL; BRANDON BELL; RICHARD BELL; LOWNDES COUNTY SCHOOL DISTRICT; CHRIS PINE; WESLEY TAYLOR; STRYDE JONES; STEPHEN WESLEY OWENS; LOWNDES COUNTY GEORGIA; RODNEY BRYAN; and DR. MARYANNE GAFFNEY-KRAFT, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANTS BRIAN BELL, BRANDEN BELL, AND
RICHARD BELL'S MOTION TO DISMISS BY WAY OF SPECIAL APPEARANCE**

COME NOW Defendants Brian Bell, Branden Bell (incorrectly identified as "Brandon Bell"), and Richard Bell (collectively "these Defendants"), by way of special appearance, without waiving and specifically reserving all defenses available to them, pursuant to Federal Rule of Civil Procedure 12(b) and 4(m) and Local Rule 7.1, and file this memorandum of law in support of their Motion to Dismiss Plaintiffs' Complaint.

## I.    INTRODUCTION AND STATEMENT OF THE CASE

### A.  Prior Lawsuits

On January 9, 2020, Plaintiffs Kenneth Johnson and Jacquelyn Johnson, as co-administrators for or on behalf of the Estate of Kendrick Lamar Johnson ("Plaintiffs"), filed the present lawsuit asserting an assortment of claims arising out of the death of Kendrick Lamar

Johnson seven years ago on or around January 10, 2013. (Doc. 1). This is at least the seventh lawsuit filed by Plaintiffs stemming from Kendrick Johnson's unfortunate death. Plaintiffs previously filed four lawsuits in the Superior Court of Lowndes County, Case Numbers 2013 CV 1230 ("1230 Action"), 2014 CV 997 ("997 Action"), 2014 CV 1592 ("1952 Action"), and 2015 CV 706 ("706 Action") (collectively the "Lowndes County Lawsuits"). Plaintiffs also previously filed a lawsuit in this Court, Case Number 7:16-CV-00141 ("00141 District Court Lawsuit"), and a lawsuit in the Superior Court of Bibb County, Case Number 2017-CV-067039 ("Bibb County Lawsuit").[1] Plaintiffs have failed in every lawsuit they have filed because there are no facts or evidence to support the absurd claims which Plaintiffs have asserted.

Plaintiffs filed the 706 Action on January 12, 2015, while the 997 Action and the 1592 Action were still pending. In the 706 Action, Plaintiffs named these Defendants, among others, asserting claims stemming from the death of Johnson. Plaintiffs voluntarily dismissed the 706 Action on March 1, 2016. (Exhibit "A"). In that action, Plaintiffs did not respond to motions for summary judgment and those unopposed motions were ripe for adjudication when Plaintiffs voluntarily dismissed the case. Plaintiffs have yet to produce any admissible evidence to support their specious claims

B.  **Award of Attorney's Fees and Costs of Litigation.**

All of the Lowndes County Lawsuits were voluntarily dismissed by Plaintiffs. Many defendants, including these Defendants, moved the Superior Court of Lowndes County for an award of attorney's fees and expenses of litigation pursuant to O.C.G.A. § 9-15-14. The Lowndes County Superior Court granted these Defendant's motion for attorneys' fees and

---

[1] The 00141 District Court Lawsuit was dismissed for lack of service on June 13, 2017. The Bibb County Lawsuit was transferred to the Superior Court of Lowndes County where, due to Plaintiffs' failure to pay cost, the case was deemed dismissed.

litigation expenses against Plaintiffs and their lawyer. (See, Order Granting Motions for Attorney's Fees, attached hereto as Exhibit "B"). The Superior Court found Plaintiffs' allegations, as well as some of the actions of their counsel—the same attorney who filed this lawsuit and continues to represent them—to be lacking substantial justification pursuant to O.C.G.A. § 9-15-14(b). (Ex. B). That court awarded attorneys' fees and expenses against Plaintiffs and their counsel in the total amount of $292,105.67, an account which remains unpaid. (Id.).

## C.  Current Lawsuit

This latest lawsuit joins the litany of meritless claims. This action involves overlapping parties and is based substantially on the same allegations and claims as filed in previous actions, to wit: state and federal claims stemming from Plaintiffs' contention that Kendrick Johnson was assaulted and his death was a cover-up in conjunction with some grand conspiracy in Lowndes County. These allegations are false and have been repeatedly proven false.

As it pertains to Defendants Brian Bell and Branden Bell, Plaintiffs only allege one "fact" against them in the forty-five (45) paragraph section labeled "Facts Common to All Claims" in their Complaint: that blood allegedly found at the scene was never tested to determine if it belonged to Branden and Brian Bell, who, according to Plaintiffs, at the relevant time were alleged to be suspects in an investigation conducted by the United States Department of Justice. (Doc. 1, ¶ 27) (These Defendants have never been charged with any crime). Plaintiffs do not make any allegations at all regarding Defendant Richard Bell in the "Facts Common to All Claims" section of their Complaint. (Doc. 1).

Nevertheless, Plaintiffs assert in Count I that Brian and Branden Bell are liable for assault and battery by vaguely asserting that they injured Kendrick Johnson, leading to his death, and

Case 7:20-cv-00004-HL    Document 11-1    Filed 06/29/20    Page 4 of 11


along with "certain individuals who are currently unknown" failed to render Johnson aid, notify the school of his condition, and conspired to cover-up this alleged conduct. (Id., ¶¶ 62-63). Plaintiffs also assert in Counts III and VI that all defendants, including these Defendants, are liable for civil conspiracy under § 1985 to hide or cover up information involving Brian and Branden Bell whom Plaintiffs falsely contend are the "primary perpetrators of the deadly assault of Kendrick Johnson." (Id., ¶¶ 73-77, 83-84). Finally, Plaintiffs also assert state law claims against all defendants for wrongful death under O.C.G.A. § 51-4-5 (Count IV) and loss of personal property, including clothing and internal organs, under O.C.G.A. § 51-10-6 (Count V). (Id., ¶¶ 78, 79-82). Based on the ongoing claims, Plaintiffs seek compensatory damages, punitive damages, attorney's fees and costs pursuant to § 1988, and declaratory relief "regarding the cause and manner of Kendrick Johnson's death." (Id., p. 10, Prayer for Relief). The fact is none of these claims have merit and have been disproven in the past. Plaintiffs have obviously filed the present suit to generate false publicity and to harass these Defendants.

## II.   ARGUMENT AND CITATION TO AUTHORITY

### A. Plaintiffs' failure to properly and timely perfect service on these Defendants bars this action.

Plaintiffs' Complaint should be dismissed because Plaintiffs have failed to effect proper and timely service upon these Defendants. Federal Rule of Civil Procedure 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served. . . ." Fed. R. Civ. P. 4(c)(1). In order to achieve effective service of process and survive a Rule 12(b) motion to dismiss, Plaintiffs' service must meet the general requirements of Rule 4 of the Federal Rules of Civil Procedure. Service of process upon an individual may be effected by (1) delivering a copy of the summons and complaint to the individual person, (2) leaving a copy of each at the individual's dwelling with someone of the suitable age and discretion who resides there, or (3)

delivering a copy of each to an agent authorizing by appointment or by law to receive service of process. Fed. R. Civ. P. (4)(e); O.C.G.A. § 9-11-4(e)(7). When a defendant moves for dismissal for insufficiency of service of process, the plaintiff bears the burden of proving that the service of process was valid. Sanders v. Flour Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla. 1993), aff'd, 36 F.3d 93 (11th Cir. 1994).

In this case, Plaintiffs not only failed to serve these Defendants in the manner permitted by law, but—to date—have failed to serve these Defendants at all. Failure to properly serve is grounds for dismissal. See Williams v. Robbins, 153 Fed. App'x 574, 576 (11th Cir. 2005); Nelson v. Barden, 145 Fed. App'x 303, 311 (11th Cir. 2005).

Further, any attempt to serve these Defendants at this time would be untimely. Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Rule 4(m) then clarifies that an extension of the time period only if the plaintiff can establish *good cause* for his failure to serve in a timely manner. Fed. R. Civ. P. 4(m). The Eleventh Circuit has found good cause "only when some factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll County Comm'rs., 476 F.3d 1277, 1281 (11th Cir. 2007); see also Anderson v. Osh Kosh B'Gosh, 225 Fed. App'x 354, 347 (11th Cir. 2006) (affirming sua sponte dismissal of pro se complaint for failure to serve).

Courts have consistently dismissed complaints for failure to effect service within the required service period. See Williams, 153 Fed. App'x at 576 (affirming sua sponte dismissal of claims for failure to serve within 120 days); Nelson, 145 Fed. App'x at 311 (11th Cir. 2005)

(same); Abele v. Hernando County, 161 Fed. App'x 809, 812 (11th Cir. 2005) (dismissal of complaint for failure to timely serve summons and complaint was not an abuse of discretion where plaintiff had a total of **148 days** from the date he filed original complaint to effect service); In re Air Crash Disaster Near Brunswick, Ga April 4, 1991, 158 F.R.D. 693, 700 (N.D. Ga. 1994) (defendants were entitled to dismissal from action on grounds for failure to make timely service where plaintiffs did not attempt to serve defendants until **214 and 288 days** after filing of complaint); Cox v. Ariz. League of Prof'l. Baseball Clubs, Inc., 151 F.R.D. 436, 438 (M.D. Fla. 1993) (granting defendants' motion to dismiss where plaintiff had a total of **230 days** from fate he filed original complaint to effect service and failed to do so). Other circuits have made this determination as well. Johnson v. New York City Bd. of Educ., 23 Fed. App'x 70, 72 (2nd Cir. 2001) (finding that the district court correctly ruled that plaintiff did not make timely service under Rule 4(m) where no formal service was made until more than **four months** beyond the allowed 120 day period).

The same result should occur in this case. Plaintiffs' lack of diligence in prosecuting this frivolous lawsuit begins with the inexcusable delay in waiting approximately 2 months after the complaint was filed on January 9, 2020, before requesting that summons issue for these Defendants on March 3, 2020. (Doc 2-6). The 90-day period to perfect service thereafter expired on April 8, 2020, without Plaintiffs ever moving for an extension from the Court. The Court then issued a Show-Cause Order on June 1, 2020 acknowledging that Plaintiffs had not served these Defendants or any defendants pursuant to Rule 4(m) and directing Plaintiffs to show cause by June 8, 2020, why the case should not be dismissed for failure to effect timely service. (Doc. 7). It was not until this show-cause order was entered that Plaintiffs made any attempt to serve any defendant in this matter and *still* have not made any attempt to serve these Defendants. Because

any attempt to serve these Defendants now would be untimely, Plaintiffs' Complaint should be dismissed.

Further, while Plaintiffs timely responded to the show-cause order as directed, they failed to show any cause whatsoever why the case should not be dismissed as to these Defendants. Plaintiffs cite their reason for failure to serve as the failure of Attorney Brice Ladson to accept service on behalf of Plaintiffs before hiring an investigator to locate them and Plaintiffs' attorney being deemed at high risk for the COVID-19 pandemic. A party's former attorney's refusal to accept service on behalf of the party is not reasonable grounds for delay of service. As stated, service must be perfected in the manner prescribe by Rule 4. And Plaintiffs never attempted to contact the undersigned regarding accepting service, despite the undersigned representing these Defendants in the prior action between the parties. Moreover, Plaintiffs have failed to explain how COVID-19 prevented service on these Defendants. The Federal Rules do not require Plaintiffs' counsel to perform service himself, so this limp excuse is of no consequence.

Because Plaintiffs have failed to serve, or even make any attempts to serve these Defendants, despite filing their lawsuit more than 160 days ago, Plaintiffs' Complaint should be dismissed.

**B.  The applicable statute of limitations bars this action.**

Pretermitting a lack of proper and timely service, the Complaint is also subject to dismissal because Plaintiffs' claims are barred by the applicable statute of limitations. Plaintiffs assert claims under §§ 1983 and 1985. (Counts III, and VI). Plaintiffs also assert state law claims for assault and battery (Count I), wrongful death under O.C.G.A. § 51-4-5 (Count IV), and loss of personal property under O.C.G.A. § 51-10-6 (Count V).

Because Sections 1983 and 1985 do not expressly contain a statute of limitations period, courts must look to the law of the state in which the cause of action arose—specifically, the limitation period applicable to personal injury torts in that state. Wallace v. Kato, 549 U.S. 384, 387 (2007); Shepherd v. Wilson, 663 Fed. App'x 813, 817 (11th Cir. 2016). The Eleventh Circuit has held that "the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries", Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986), and that "[t]he residual personal-injury statute of limitations of the forum state applies to § 1983 and § 1985 actions." Fortson v. Georgia, 601 Fed. App'x 772, 774 (11th Cir. 2015).

As stated above, the statute of limitations for personal injury claims, such as assault and battery in Georgia is two (2) years. O.C.G.A. § 9-3-33; M.H.D. v. Westminster Schools, 172 F.3d 797, 803 (11th Cir. 1999) (citing Alpharetta First United Methodist Church v. Stewart, 221 Ga. App. 748 (1996)) ("causes of action for assault [and] battery. . . are governed by section 9–3–33"). Likewise, the two-year statute of limitations imposed by O.C.G.A. § 9-3-33 also applies to wrongful death claims. See Metropolitan Atlanta Rapid Transit Auth. v. Maloof, 304 Ga. App. 824 (2010) (applying O.C.G.A. § 9-3-33 to a wrongful death claim). Finally, O.C.G.A. § 9-3-32 provides that "[a]ctions for the recovery of personal property, or for damages for the conversion of destruction of the same, shall be brought within four years after the right of action accrues. . . ." See also O.C.G.A. § 9-3-31 ("Actions for injuries to personal property shall be brought within four years after the right of action accrues.").

Here, this lawsuit was filed on January 9, 2020, and asserts claims stemming from the death of Kendrick Johnson more than seven years ago, on or around January 10, 2013, and the handling of his remains in 2013. (Doc. 1). Indeed, the only year referenced in Plaintiffs'

complaint is 2013. (Id.). Because Plaintiffs filed this lawsuit well after the two and four-year

statutes of limitations, Plaintiffs' Complaint is time-barred.

**C. The Court lacks jurisdiction because Plaintiffs have not paid costs awarded in the Superior Court of Lowndes County.**

O.C.G.A. § 9-11-41(d) provides that "[i]f a plaintiff who has dismissed an action in any

court commences an action based upon or including the same claim against the same defendant,

the plaintiff shall first pay the court costs of the action previously dismissed." See, Muhammad

v. Massage Envy of Ga., Inc., 322 Ga. App. 380, 382 (2013). "Attorney's fees and expenses of

litigation awarded under [O.C.G.A. § 9-15-14] in a prior action between the same parties shall be

treated as court costs with regard to the filing of any subsequent action." O.C.G.A. § 9-15-14(g).

Payment of costs is a jurisdictional matter and can never be waived. Tucker v. Mitchell, 252 Ga.

545, 545 (1984). "[I]n the absence of payment of costs these is no suit pending." Id.

Section 1983 and 1985 claims are federal statutes, but borrow the forum state's statute of

limitations and laws on tolling and renewal. See e.g., Hardin v. Straub, 490 U.S. 536, 538-39

(1989) (applying a state tolling rule to a § 1983 claim); Scott v. Muscogee Cty., 949 F.2d 1122,

1123 (11th Cir. 1992) (applying the Georgia renewal statute); Roberts v. Georgia, 228 Fed.

App'x 851, 853-54 (11th Cir. 2007) (applying Georgia state law regarding renewal to § 1983 and

1985 claims). In applying state law, a federal court must "adhere to decisions of the state's

intermediate courts absent some persuasive indication that the state's highest court would decide

the issue otherwise." Silverberg v. Paine, Webber, Jackson & Curtis, Inc., 710 F.2d 678, 690

(11th Cir. 1983).

Here, the instant lawsuit involves overlapping parties and claims as the Lowndes County

Lawsuits, which Plaintiffs voluntarily dismissed. (Ex. A). The Superior Court of Lowndes

County entered an award of fees and expenses against Plaintiffs and their counsel on August 8,

2017 in the amount of $292,105.67 in the Lowndes County Lawsuits prior to Plaintiffs' filing of the present suit. (Ex. B). To date, these fees, which are treated as court costs by operation of law, have not been paid. Therefore, because Plaintiffs have refiled suit, without first paying costs, the Court lacks jurisdiction unless and until these costs have been paid.

**D.  The punitive damages and attorney's fees claims are subject to dismissal.**

Plaintiffs have requested an award of punitive damages and attorney's fees. Once the underlying claims against these Defendants are dismissed, Plaintiffs' claims for punitive damages and attorney's fees with respect to these claims will be subject to dismissal as well. See, J. Andrew Lunsford Props., LLC v. Davis, 257 Ga. App. 720, 722 (2002) ([T]he claims seeking attorney fees and punitive damages were properly dismissed as derivative of the other dismissed claims."); OFS Fitel, LLC v. Epstein, Becker, & Green, P.C., 549 F.3d 1344, 1357 (11th Cir. 2008) (finding that plaintiffs' claims for punitive damages and attorney's fees cannot survive without an underlying claim against defendants.).

## III.  CONCLUSION

Plaintiffs' meritless claims are subject to dismissal based entirely on Plaintiffs' failure to timely or properly serve these Defendants with process. Further, even if service had been perfected, this action is still subject to dismissal because it is barred by the appliable statute of limitations. Finally, this Court lacks jurisdiction because the attorneys' fees and expenses of litigation awarded to these Defendants by the Superior Court of Lowndes County are costs which have not been paid. Therefore, these Defendants' motion to dismiss should be granted.

Respectfully submitted this 29th day of June, 2020

                        OLIVER MANER LLP


                        /s/ Paul H. Threlkeld

                        PATRICK T. O'CONNOR

P.O. Box 10186             Georgia Bar No: 548425

Savannah, Georgia   31412    PAUL H. THRELKELD

912-236-3311              Georgia Bar No:  710731

pto@olivermaner.com

pht@olivermaner.com       *Counsel for Brian Bell, Branden Bell, and*

                        *Richard Bell*