# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**KENNETH JOHNSON and JACQUELYN JOHNSON, as Co-Administrators for and on behalf of the Estate of KENRICK LAMAR JOHNSON, a minor**,

　　Plaintiffs,

v.

**BRIAN BELL, et al.**,

　　Defendants.

Civil Action No. 7:20-CV-4 (HL)

## ORDER

Plaintiffs Kenneth Johnson and Jacquelyn Johnson, the parents of Kendrick Lamar Johnson, who tragically died on or around January 10 or 11, 2013, filed this lawsuit on behalf of the deceased's estate on January 9, 2020. (Doc. 1). Plaintiffs allege that Defendants Brian Bell, Brandon Bell, Richard "Rick" Bell, Lowndes County School District, Chris Prine, Wesley "Wes" Taylor, Stryde Jones, Stephen Wesley Owens, Lowndes County, Dr. Maryanne Gaffney-Kraft, and Rodney Bryan caused the death of Kendrick Johnson and are liable to his estate for conspiring to cover up the circumstances surrounding Johnson's death and conspiring to interfere with the rights of the estate to access both state and federal courts. (Doc. 1, p. 1-2).

Nearly six months after filing their lawsuit, Plaintiffs still had not provided the Court with proof of serving Defendants with copies of the Summons and

Complaint. Accordingly, on June 1, 2020, the Court entered an Order directing Plaintiffs to show cause why this case should not be dismissed for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 7). Now before the Court is Plaintiffs' response to the Court's Order. (Doc. 8).

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve process on a defendant "within 90 days after the complaint is filed." Fed.R.Civ.P. 4(m). If the plaintiff fails to do so, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. But, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Good cause exists, "only when some outside factor, such as reliance on faulty service, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal punctuation and quotation omitted). Absent a showing of good cause, the district court may in its discretion extend the time for service. See Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005).  In making this decision, the district court shall "consider whether any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its

discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Lepone-Dempsey, 476 F.3d at 1282.

Plaintiffs here have not shown good cause for their failure to serve Defendants. This action was filed on January 9, 2020. Plaintiffs waited 54 days, or until March 3, 2020, to even request that summons issue for Defendants Brian Bell, Brandon Bell, and Richard Bell. (Docs. 3, 4, 5). Plaintiffs delayed 81 days to request that summons issue for the remaining Defendants on March 30, 2020. (Doc. 6). Under Rule 4(m), the deadline to complete service expired on April 8, 2020. Fed. R. Civ. P. 4(m). As of June 8, 2020, the date Plaintiffs responded to the Court's show cause order and 152 days after Plaintiffs filed their Complaint, Plaintiffs had yet to complete service. (Doc. 8).

Counsel for Plaintiffs explains that shortly after filing the lawsuit he contacted prior counsel for the Bell Defendants to inquire whether he would accept service. (Doc. 8, ¶ 3). Having not been retained in this case, the attorney indicated that he could not accept service. (Id.). Plaintiffs' attorney then states that he hired a private investigator to locate the Bells. (Id.). However, counsel does not indicate when he contacted the investigator or what other efforts he made to serve these Defendants. Counsel offers no explanation for why he neglected to serve the other eight Defendants named in the lawsuit prior to the expiration of the 90-day period for service.

Plaintiffs' counsel also states that because of his age and medical history, he falls within a high-risk category for COVID-19. (Id. at ¶ 4). While the Court is sensitive to counsel's medical concerns and is aware of the impact of the pandemic on counsel's home community, counsel's invocation of the pandemic standing alone is unavailing. Counsel has not otherwise explained the delay in arranging for service prior to the declaration of the state of emergency, nor has he shown specifically how the pandemic has impeded his efforts to serve Defendants.[1]

Finding that Plaintiffs have not demonstrated good cause for the failure to perfect service of process and that no other circumstances warrant the extension of time for service, the Court **DISMISSES** Plaintiffs' Complaint (Doc. 1) without prejudice. In light of the dismissal, the Court **DENIES as moot** Defendants' motions to dismiss (Docs. 9, 10, 11).

**SO ORDERED** this 1st day of July, 2020.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks

---

[1] Governor Brian Kemp announced the public health state of emergency for Georgia on March 14, 2020. See https://gov.georgia.gov/press-releases/2020-03-16/kemp-declares-public-health-state-emergency.